[Cite as *Village of Mantua v. Sobczak*, 2018-Ohio-2578.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| VILLAGE OF MANTUA, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2017-P-0067 <br> 2017-P-0079 |
| JENNIFER E. SOBCZAK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division.
Case Nos. 2017 TRD 08269 R & 2017 CRB 01701 R.

Judgment: Affirmed in part, reversed in part, and vacated in part; remanded.


*Michele A. Stuck*, Solicitor, Village of Mantua, P.O. Box 775, Mantua, OH 44255 (For Plaintiff-Appellee).

*Jennifer E. Sobczak*, pro se, 9987 State Route 44, Mantua, OH 44255 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Jennifer E. Sobczak, appeals from an August 30, 2017 judgment entry of the Portage County Municipal Court, Ravenna Division, which sentenced appellant to pay a total fine of $150.00 plus court costs for two violations of the Mantua Codified Ordinances ("MCO"), which govern the Village of Mantua, appellee herein.

{¶2} On June 26, 2017, two minor misdemeanor complaints were filed against appellant, alleging one violation of MCO 337.19 (case No. 2017 TRD 08269 R) and one violation of MCO 509.08(B) (case No. 2017 CRB 01701 R).

{¶3} A trial to the bench was held on July 21, 2017; appellant appeared pro se. Appellant neither testified in her own behalf nor did she call any witnesses. The citing officer, Patrolman Stephen Gregg of the Mantua Police Department, testified on behalf of the prosecution, and appellant conducted cross-examination. The following facts are elicited from his testimony.

{¶4} On June 23, 2017, at approximately 5:30 a.m., Patrolman Gregg was in a common area of the Mantua Police Department when he heard a loud car horn honk multiple times. He went to the nearest window and observed a black and white Chevrolet Impala, known to belong to appellant, driving north on Main Street. He testified that the distance from the window to where he first saw the vehicle is approximately 104 feet. Patrolman Gregg went outside, got in his patrol vehicle, and observed the same vehicle drive around from the back of the post office, near the police department. He initiated a traffic stop, identified appellant as the driver, and cited her for violating MCO 337.19; the offense listed on the ticket is "horn/audible device."

{¶5} On June 24, 2017, at approximately 11:46 p.m., Patrolman Gregg was running radar on High Street in front of the post office at Main Street when he heard a car horn honk multiple times. He testified that, "not even a second after the last horn sounded," he observed the same black and white Chevrolet Impala driving north on Main Street. Patrolman Gregg initiated a traffic stop, identified appellant as the driver, and

2

cited her for violating MCO 509.08(b); the offense listed on the ticket is "unreasonable noise."

{¶6} The trial court's acting judge issued a judgment entry on August 30, 2017, finding appellant guilty of both charges and sentencing her to pay a total fine of $150.00 plus the court costs within six months.

{¶7} Appellant filed the instant appeals, which have been consolidated for review and disposition. She asserts the following three assignments of error:

> [1.] The trial court abused its discretion when it failed to allow Appellant Jennifer Sobczak a continuance to subpoena/call a witness to testify on her behalf.
>
> [2.] The trial court erred in not looking into the discrepancy between the ORC and the Mantua Village Ordinance.
>
> [3.] The trial court erred in not looking into the [fact] your car horn is required to be audible and if it would truly be a violation of the noise ordinance.

{¶8} Under her first assignment of error, appellant argues the trial court's denial of her request for a continuance to subpoena Lieutenant Justus violated her right to compulsory process under the Sixth Amendment to the United States Constitution. Appellee responds that the decision to deny the continuance was not an abuse of the trial court's broad discretion. A trial court does not have "discretion," however, to deny a defendant her constitutional right to compulsory process to support her defense. We therefore review the constitutional issue de novo. *See United States v. Walls*, 162 F.3d 1162, 1998 WL 552907, *3 (6th Cir.1998).

{¶9} "Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of

3

law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). However, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor.*'" *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (emphasis sic), quoting U.S.Const., Amdt. 6. Thus, in order to establish a violation of the Compulsory Process Clause, the defendant must make a plausible showing of how the witness's testimony would have been both material and favorable to his or her defense. *Id.*, citing *Washington*, *supra*, at 16. *See also* Crim.R. 17(B) (when the defendant is financially unable to pay witness fees, the court shall order that a subpoena be issued only "upon a satisfactory showing that the presence of the witness is *necessary to an adequate defense*") (emphasis added).

{¶10} Appellant orally requested a continuance at the start of trial, asserting she needed additional time to subpoena Lieutenant Justus. It was determined the officer was not involved with appellant's citations; appellant merely wished to question him regarding a statement he made on the stand one year prior in a case that, appellant asserted, "relates directly to what happened in these cases." Appellant did not proffer any other information to the trial court as to how or why Lieutenant Justus's testimony in a previous case was in any way relevant to her defense in this case nor has she made any argument in that regard on appeal.

{¶11} We conclude appellant did not make a plausible showing that Lieutenant Justus's testimony would have been both material and favorable to her defense. The trial court's decision to deny her requested continuance, therefore, did not violate appellant's Sixth Amendment right to compulsory process.

{¶12} Appellant's first assignment of error is without merit.

{¶13} Under her second assignment of error, appellant argues that MCO 337.19 reads differently than R.C. 4513.21, which is cited in the ordinance, and that the trial court erred by not considering the differences between these two provisions. Appellant then concludes, without any argument or supporting citations, that the ordinance should be identical to the statute, and that she would not have been found guilty if she had been charged under the statute, as opposed to the ordinance. Appellee interprets this assignment of error as a contention that the ordinance is in impermissible conflict with the statute. We agree this is the only logical basis upon which to review appellant's vague contentions.

{¶14} Pursuant to Article XVIII, Section 3, of the Ohio Constitution, "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

{¶15} "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." *Village of Struthers v. Sokol*, 108 Ohio St. 263 (1923), syllabus. "A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law * * *." *Id.*

{¶16} Appellant was charged with violating MCO 337.19, titled "Horn, Siren and Theft Alarm Signal," which provides:

> (a) Every motor vehicle when operated upon a street shall be equipped with a horn which is in good working order and capable of

5

emitting sound audible, under normal conditions, from a distance of not less than 200 feet.

(b) No motor vehicle shall be equipped with, nor shall any person use upon a vehicle, any siren, whistle or bell. Any vehicle may be equipped with a theft alarm signal device which shall be so arranged that it cannot be used as an ordinary warning signal. * * *

(c) No person shall use the horn of a motor vehicle except to give warning to other drivers or pedestrians.

(d) Whoever violates this section is guilty of a minor misdemeanor. (ORC 4513.21)

R.C. 4513.21, titled "Horns, sirens, and warning devices," provides:

(A) Every motor vehicle or trackless trolley when operated upon a highway shall be equipped with a horn which is in good working order and capable of emitting sound audible, under normal conditions, from a distance of not less than two hundred feet.

No motor vehicle or trackless trolley shall be equipped with, nor shall any person use upon a vehicle, any siren, whistle, or bell. Any vehicle may be equipped with a theft alarm signal device which shall be so arranged that it cannot be used as an ordinary warning signal. * * *

(B) Whoever violates this section is guilty of a minor misdemeanor.

{¶17} It is apparent from the facts of this case that appellant was specifically charged with a violation of MCO 337.19(c), which governs the use of "the horn of a motor vehicle"; a similar provision does not exist in R.C. 4513.21. The ordinance is not in conflict with the statute, however, merely because the act declared unlawful in MCO 337.19(c) is not referred to in R.C. 4513.21. *See Sokol*, *supra*, at syllabus. R.C. 4513.21 does not permit behavior that is forbidden in MCO 337.19(c), and vice versa. The trial court did not err in failing to consider the differences between these two provisions, therefore, because they are not in conflict with each other.

{¶18} Appellant's second assignment of error is without merit.

6

{¶19} Appellant's arguments under her third assignment of error relate to her conviction for violating MCO 509.08(b), which reads as follows:

> No person operating or occupying a motor vehicle on any street, highway, alley, public parking lot, driveway, or lawn shall generate or permit to be generated *unreasonable noise or loud sound*, which is likely to cause inconvenience or annoyance to any persons of ordinary sensibilities *by means of sound making devices or instruments* on the inside or outside of a motor vehicle.
>
> A person shall be deemed to have violated this section where: (1) The sound emanating from the vehicle is *plainly audible* as defined in subsection (d) hereof; and (2) The motor vehicle producing the noise or sound is so observed by another having a direct line of sight and hearing, so that the person can readily identify the offending motor vehicle and the distance involved. [Emphasis added.]

{¶20} Appellant argues that a car horn does not constitute a "sound making device or instrument" as defined in the ordinance. Appellant is, therefore, challenging whether there was sufficient evidence to sustain her conviction under MCO 509.08(b). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶21} Criminal statutes and ordinances are to be strictly construed against the state and liberally construed in favor of the defendant. R.C. 2901.04(A); *Vermilion v. Stevenson*, 7 Ohio App.3d 170, 171 (6th Dist.1982). "In interpreting statutes, often courts use canons of construction to assist them. One such canon, *ejusdem generis,* is used when a criminal statute contains specific enumerations followed by more general terms." *Miamisburg v. Wood*, 137 Ohio App.3d 623, 626 (2d Dist.2000), citing *State v. Hooper*, 57 Ohio St.2d 87, 89-90 (1979).

**{¶22}** "Under the rule of ejusdem generis, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms." *State v. Aspell*, 10 Ohio St.2d 1 (1967), paragraph two of the syllabus.

**{¶23}** In defining "sound making devices or instruments," the ordinance lists several specific items, followed by two general terms: "'Sound making devices or instruments' means any radio, phonograph, television, tape player, compact disc player, loudspeaker, or any other sound amplifying device or a drum, piano, or any other musical or percussion instrument." MCO 509.08(c). Applying the doctrine of *ejusdem generis*, "sound amplifying device" modifies the specific items listed immediately prior (i.e., radio, phonograph, television, tape player, compact disc player, and loudspeaker), and "musical or percussion instrument" modifies the specific items listed immediately prior (i.e., drum and piano). *See generally Wood*, *supra* (similarly applying the doctrine of *ejusdem generis*).

**{¶24}** Neither of these general terms, "sound amplifying device" or "musical/percussion instrument," embraces a car horn as having a similar character as the specific items they modify. In further support of this conclusion is the existence of a proper, specific ordinance under which appellant could have been charged for her actions on June 24, 2017, to wit: MCO 337.19(c), as evidenced by the appropriate charge levied against her on June 23, 2017.

8

{¶25} We therefore conclude that MCO 509.08(b), which prohibits the generating of unreasonable noises or loud sounds "by means of sound making devices or instruments on the inside or outside of a motor vehicle," does not include the noise generated from the horn of a motor vehicle.

{¶26} Appellant's argument related to the sufficiency of the evidence is well taken.

{¶27} Appellant raises two more issues under this assignment of error. First, she asserts the definition of "plainly audible" in MCO 509.08(d)—that the "noise or sound produced by sound making devices or instruments" "can be heard by a person using his unenhanced auditory senses from a line of sight distance of fifty feet or more from the source"—conflicts with the requirement in MCO 337.19 that a car horn be audible from a distance of not less than 200 feet. Second, she asserts that honking the horn for the purpose of warning an animal in the roadway should be an affirmative defense to a charge under MCO 509.08(b)—a defense, it should be noted, she did not raise below. Our above holding that a car horn is not included in the definition of "sound making devices or instruments" renders these arguments moot.

{¶28} Appellant's third assignment of error has merit to the extent indicated.

{¶29} Appellant's conviction under MCO 509.08(b) was not supported by sufficient evidence and must be vacated. In reaching this conclusion, however, it is apparent the trial court erred by issuing a "blanket sentence" covering both of appellant's convictions. *See generally State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245 (rejecting the use of the "sentencing package" doctrine). In other words, the trial court's sentence is improper because we cannot vacate the sentence on the MCO 509.08(b) conviction without also vacating the sentence on the MCO 337.19 conviction.

9

{¶30} In its final entry, the acting judge sentenced appellant "to pay a total fine of $150.00 plus the court costs within six (6) months, to be merged for Case Nos. R 2017 TRD 8269 and R 2017 CRB 1701." It is impossible to glean from this order whether the trial court intended to impose a fine of $150.00 for only one of the offenses; whether the trial court intended to impose two separate fines totaling $150.00 for both offenses; or whether the trial court actually intended to merge one conviction into the other and then sentence appellant based on the prosecutor's election (a dubious option, considering the law of merger). Thus, we conclude that the conviction under MCO 337.19 must be reversed for resentencing.

{¶31} Upon remand, the trial court must vacate the conviction under MCO 509.08(b) and impose an appropriate sentence for the remaining violation of MCO 337.19.

{¶32} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed in part, reversed in part, and vacated in part. This matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.